Case 7:22-cv-00441   Document 11   Filed on 07/20/23 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
July 20, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ELIZABETH MONCEVAIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:22-cv-00441 |
| § | |
| JEFFREY ALAN HERRICK, and § | |
| HERRICK TRUCKING, LLC, § | |
| § | |
| Defendants. § | |

## **ORDER AND OPINION**

The Court now considers "Plaintiff's Motion to Quash and Motion for Protection from Defendants' Notice of Intention to Take the Deposition of [sic] Written Questions and Subpoena Duces Tecum to Plaintiff's Medical Providers."[1] Defendants did not respond to the instant motion, so by operation of the Local Rules, the motion is unopposed.[2]

### I. BACKGROUND AND PROCEDURAL HISTORY

This case arises from a December 16, 2023, collision between a tractor trailer and Plaintiff's vehicle, causing injuries to Plaintiff.[3] The tractor trailer allegedly fled the scene but was identified by its license plate number obtained by a witness as one owned by Herrick Trucking, LLC.[4] In the course of litigation, Jeffrey Alan Herrick has identified himself as the driver.[5]

---

[1] Dkt. No. 10.
[2] L.R. 7.4.
[3] Dkt. No. 1-1 at 2-3, ¶ 11.
[4] *Id.* ¶ 12.
[5] Dkt. No. 8 at 1-2, ¶¶ 4-5.

Plaintiff filed suit in state court on September 29, 2022, alleging negligence claims.[6] Defendants removed to this Court on December 29, 2022, on the basis of diversity.[7]

On June 6, 2023, Defendants served Plaintiff with notices of intention to take deposition by written questions ("DWQs") and subpoenas to produce medical records ("subpoenas") directed at 25 entities involved in Plaintiff's medical treatment.[8] Plaintiff moves to quash the DWQs and subpoenas.[9]

## II. Discussion

### a. Legal Standard

"On timely motion, the court . . . must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden."[10] "When a Plaintiff places her medical condition at issue, her medical records are discoverable and not protected by privilege."[11] "That does not mean, however, that all medical records from the beginning of time are relevant and/or proportional to the needs of the case."[12] A subpoena for medical records may still be quashed or modified if it imposes an undue burden.

"In order to satisfy its burden, the objecting party must make a specific, detailed showing of how a request is burdensome."[13] "To determine whether the subpoena presents an undue burden, [courts] consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered

---

[6] Dkt. No. 1-1.
[7] Dkt. No. 1.
[8] Dkt. No. 10-1.
[9] Dkt. No. 10.
[10] FED. R. CIV. P. 45(d)(3)(A)(iii)-(iv).
[11] *Giarratano v. Huntington Ingalls Inc.*, No. 22-88, 2022 U.S. Dist. LEXIS 197232, at *24-25 (E.D. La. Oct. 31, 2022).
[12] *Id.* at *25.
[13] *SEC v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (collecting cases).

by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed."[14] "[I]f the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party."[15] Where the subpoena is facially overbroad, the Court may find that a subpoena is unduly burdensome.[16]

Furthermore, "[t]he district court may, for good cause, issue a protective order to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'"[17] Good cause is established by a specific showing of "clearly defined and serious injury to the party seeking" the protective order.[18] "It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."[19] Entering a protective order absent a particularized demonstration of good cause may constitute an abuse of discretion.[20] Rule 26(c) governing the issuance of protective orders "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."[21]

b. Analysis

Plaintiff argues that Defendants' DWQs and subpoenas are "unfairly and unreasonably broad as to both time and scope," "serve[] no legitimate purpose other than to harass Plaintiff," and constitute "nothing more than a 'fishing expedition.'"[22] While the requests to the providers'

---

[14] *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *see RYH Properties, LLC v. West*, No. 5:08CV172, 2011 WL 13196550, at *2 (E.D. Tex. Feb. 3, 2011) (holding that courts "must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party").
[15] *Wiwa*, 392 F.3d at 818.
[16] *Id.* at 819.
[17] *In re LeBlanc*, 559 F. App'x 389, 392 (5th Cir. 2014) (quoting FED. R. CIV. P. 26(c)(1)).
[18] *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citation and quotation omitted).
[19] *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979).
[20] *See In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998).
[21] *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).
[22] Dkt. No. 10 at 5, ¶ 5.2.

billing departments request documents only from December 16, 2020,[23] forward, the requests to the medical and radiology departments go back to January 1, 2000.[24] These requests are not limited to records directly related to the injuries Plaintiff claims here. They are global requests for all medical records in the producing party's possession related to Plaintiff.[25]

The Court agrees with Plaintiff that these requests are facially overbroad. They are highly likely to capture (1) irrelevant and (2) unnecessary records of a sensitive nature. The requests are (3) broad; none of them are limited to a particular type of treatment, injury, or part of the body. The (4) time period is excessive as to the medical and radiological requests, which span 23 years without any explanation of why such a long period is necessary.[26] While the requests mention (5) particular documents, they are listed as "including, but not limited to . . ."[27] Lastly, (6) burden would be high as such extensive production is expensive and time-consuming for the producing medical providers.

While this Court may, in general, prefer modification of an overly broad subpoena as opposed to quashing it entirely, Defendants have not requested such modification nor provided information on how the requests could be tailored to produce records relevant for their defense of this case. That burden is not on Plaintiff, and accordingly the Court **GRANTS** the motion to quash.

Plaintiff has not met her burden to show good cause for a protective order, however. She claims that the requests "are abusive, harassing, and constitute an unreasonable invasion of privacy."[28] As previously stated, when Plaintiff claims medical expenses as damages, she waives

---

[23] Dkt. No. 10-1 at 79-138.
[24] *Id.* at 1-78.
[25] *Id.*
[26] Subpoenas for medical records from before the litigation-related incident may be reasonable in some cases. *See Stogner v. Sturdivant*, No. 10-125-JJB-CN, 2011 U.S. Dist. LEXIS 107571, at *20-21 (M.D. La. Sep. 21, 2011) (allowing the defendant to obtain 10 years of medical records to investigate pre-existing conditions). But here, Defendants have not explained why the requests are relevant or necessary.
[27] Dkt. No. 10-1.
[28] Dkt. No. 10 at 6, ¶ 5.4.

the privilege. More importantly, Plaintiff has shown no specific injury that will result if a protective order does not issue, nor has she alleged that Defendants already possess injurious materials. The DWQs and subpoenas have been quashed as unduly burdensome. Protection from that exact same undue burden would be redundant and without cause, so Plaintiff's request for a protective order is **DENIED**.

### III. Conclusion and Holding

For the aforementioned reasons, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**. Defendants' DWQs and subpoenas[29] are hereby **QUASHED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 20th day of July 2023.

_____
Micaela Alvarez
Senior United States District Judge

---

[29] Dkt. No. 10-1.